## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **HELPING HANDS HOME IMPROVEMENT, LLC, d/b/a HELPING HAND GENERAL CONTRACTING, LLC, as assignee of AKBAR ARAB,** | ) ) ) ) ) ) | **Case No. 3:21-cv-00008** **Judge Aleta A. Trauger** |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | |
| **THE ERIE INSURANCE EXCHANGE,** | ) ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Before the court are (1) the Motion in Limine to Exclude Expert Opinion Testimony (Doc. No. 61) filed by defendant The Erie Insurance Exchange ("Erie") and (2) the Motion for Leave to Supplement Plaintiff's Rule 26(A)(2) Disclosure Statement (Doc. No. 62) filed by plaintiff Helping Hands Home Improvement, d/b/a Helping Hand General Contracting, LLC, as assignee of Akbar Arab ("Helping Hands"). Each party's motion notes that the opposing party opposes each other's motion, but neither party has yet filed a response in opposition to the other party's motion. The court, finding that responses will not assist in the resolution of these motions, issues this order without waiting for the expiration of the due date for such responses. For the reasons set forth herein, the defendant's Motion in Limine will be denied and the plaintiff's Motion to Supplement will be granted.

The genesis of Erie's motion is a footnote in the Memorandum opinion issued on April 8, 2022, accompanying the court's Order denying (for the most part) each party's Motion to Exclude

the other's expert's testimony. This Order presumes familiarity with that prior ruling and the motions it addressed.

Footnote 10 of that Memorandum states:

In a footnote, the defendant adds, "Mr. Prosser's opinions regarding the 'date' of the alleged storm should be stricken as they were proffered for the first time during his deposition and based on weather data that he did not rely upon in his report that was the basis of his expert disclosure." (Doc. No. 50, at 7 n.3.) The defendant does not provide legal support for this argument or include it in the main body of its Memorandum. The court, therefore, rejects it.

(Doc. No. 59, at 10 n.10.) Now, in response to that statement, the defendant has filed its Motion in Limine, citing Local Rule 39.01 and arguing that the court should prohibit the plaintiff's expert, Steve Prosser, from proffering opinions "regarding the 'date' of the alleged hail-producing storm . . . because they were proffered for the first time during his deposition and relied on weather data that was not utilized in his report that was part of Plaintiff's expert disclosures." (Doc. No. 61, at 1.)

In response, Helping Hands filed its Motion for Leave to Supplement, also citing Local Rule 39.01, along with the proposed supplemental disclosure. Helping Hands argues that the proposed supplement "does not contain any new or additional opinions of Steve Prosser that were not previously disclosed through the discovery process and simply provides additional detail as to the opinions that will be offered." (Doc. No. 62, at 2.) It also argues that permitting supplementation will not prejudice or surprise Erie, because the plaintiff's initial Rule 26(a)(1) disclosure indicated that Prosser would offer opinions about the June 27, 2019 hail storm and his disclosure statements indicated that he would offer opinions consistent with his deposition testimony. (*Id.*)

The relevant Local Rule states:

Expert witness disclosures must be made timely in accordance with any order of the Court, or if none, in accordance with Fed. R. Civ. P. 26(a)(2). *Expert witness*

*disclosure statements may not be supplemented after the applicable disclosure deadline, absent leave of Court.* Expert witnesses may not testify beyond the scope of their expert witness disclosure statement. The Court may exclude the testimony of an expert witness, or order other sanctions provided by law, for violation of expert witness disclosure requirements or deadlines.

L.R. 39.01(c)(5)(C) (emphasis added).

The court exercises its discretion in this case to permit the plaintiff to supplement its expert disclosure. In reaching that decision, the court notes, first, that the defendant's own expert conceded that it was "more probably true than not" that a hail event occurred at the subject property on or about June 27, 2019. (Doc. No. 52-3, Warren Dep. 51–52.) He simply did not find that the hail on that date caused any damage. Moreover, the plaintiff's expert's opinion regarding damage to the roof and the timing thereof is primarily premised upon the physical evidence of the roof he inspected. The governmental weather data that he discussed during his deposition and that is now included in his supplemental disclosure, simply serves to substantiate his conclusion that the damage he detected was caused by a hail event that, in his opinion, occurred during the policy coverage period. The defendant is and has been aware of that opinion and the data upon which it is premised for many months and will not be prejudiced by the proposed supplementation. Moreover, permitting supplementation will not require additional depositions or further discovery.

Accordingly, the defendant's motion (Doc. No. 61) is **DENIED**, and the plaintiff's motion (Doc. No. 62) is **GRANTED**.

It is so **ORDERED**.

_____

ALETA A. TRAUGER
United States District Judge